Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6611 | **DATE** | 1/10/2013 |
| **CASE TITLE** | United States of America ex rel. Derrick Crosby vs. Nedra Chandler | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this order, the Court grants respondent's motion to dismiss and terminates this case.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

　　　On February 19, 2002, Derrick Crosby was convicted of first degree murder. (*See* Gov't Ex. B, *People v. Crosby*, No. 1-02-1146 at 1 (Ill. App. Ct. Sept. 30, 2003).) The conviction was affirmed on appeal, and on March 4, 2004, the supreme court denied Crosby's petition for leave to appeal ("PLA"). (*See id.* at 13; Pet. at 2.) Crosby did not seek a writ of certiorari from the U.S. Supreme Court. (Pet. at 2.)

　　　On May 20, 2004, Crosby filed his first petition for post-conviction relief, which the trial court denied on July 28, 2004. (*See* Gov't Ex. A, Certified Statement Of Conviction/Disposition at 6.) That decision was affirmed on May 18, 2006, and on November 29, 2006, the supreme court denied Crosby's PLA. (*See* Pet. at 3.)

　　　On August 22, 2006, before the supreme court's denial of the PLA for the first post-conviction petition, Crosby filed a second post-conviction petition. (*See* Gov't Ex. F, *People v. Crosby*, No. 1-07-0880 at 1 (Ill. App. Ct. July 17, 2008).) On October 31, 2006, the trial court dismissed the petition as "patently frivolous and without merit." (*See* Gov't Ex. J, 10/31/06 Hr'g Tr. at 3.) Crosby's request for reconsideration of the decision was denied on February 6, 2007. (*See* Gov't Ex. O, Mot. Amend at 1.)

　　　On April 18, 2007, Crosby appealed the denial of the motion for reconsideration. (*Id.*) The appellate defender, however, sought leave to withdraw, arguing that Crosby could not make the cause and prejudice or actual innocence showings required for filing a second post conviction petition. (*See* Gov't Ex. M, Mem. Supp. Mot. Leave Withdraw Counsel Appeal at 6-10.) On July 17, 2008, the appellate court granted counsel's motion and affirmed the denial of Crosby's second post conviction petition. (Gov't Ex. F, *People v. Crosby*, No. 1-07-0880 at 1-2 (Ill. App. Ct. July 17, 2008).) On November 26, 2008, the supreme court denied Crosby's PLA. (*See* Gov't Ex. C, *People v. Crosby*, No. 107009 (Ill. Nov. 26, 2008).)

　　　On December 18, 2007, while his appeal of the second post conviction petition was pending, Crosby filed

a motion to amend it, saying:

> The petitioner brought (13) issues before the court and issue 13 is based on newly discovered evidence which was given to petitioner via state's witness Antonio M. Green . . . signed June 26, 2006. State's witness Antonio M. Green had made another affidavit which petitioner is asking the court in his motion to amend to allow petitioner to add the before mentioned affidavit . . . to further support petitioner's claim of newly discovered evidence, as argued in (issue 13) of petitioner's successive petition.

(*See* Gov't Ex. O, Mot. Amend at 1-2.) On January 4, 2008, the trial court denied the motion to amend "as patently frivolous and without merit." (*See* Gov't Ex. L, *People v. Crosby*, No. 00 CR 19461-01 (Cir. Ct. Cook Cnty. Jan. 16, 2008).)

Crosby appealed that decision, and on May 12, 2010, the appellate court dismissed the appeal for lack of jurisdiction, saying:

> More than a year after the defendant's petition was dismissed by the trial court, and while his appeal was pending, he filed a motion to amend his [second] postconviction petition. After filing his notice of appeal therefrom, the circuit court had no jurisdiction to consider the merit's of defendant's motion. . . .
>
> . . . .
>
> [W]e conclude that the circuit court should have dismissed the motion to amend for lack of subject matter jurisdiction rather than denying it on the merits. . . .

(Gov't Ex. H, *People v. Crosby*, No. 1-08-0433 at 3-5 (Ill. App. Ct. 2010) (citations omitted).) On September 29, 2010, the Illinois Supreme Court denied Crosby's PLA. (*See* Gov't Ex. I, *People v. Crosby*, No. 110773 (Ill. 2010).)

On September 17, 2011, Crosby filed this petition pursuant to 28 U.S.C. § 2254 to vacate his conviction. Respondent has filed a motion to dismiss the petition as time-barred.

## Discussion

Section 2254 claims are generally subject to a one-year limitations period that runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see Anderson v. Litscher,* 281 F.3d 672, 675 (7th Cir. 2002) (a conviction is final when the direct appeal and any certiorari proceedings are complete or, if petitioner does not seek a writ, the ninety-day period for doing so expires). The Illinois Supreme Court denied Crosby's PLA in his direct appeal on on March 24, 2004, and he did not seek a writ of certiorari from the U.S. Supreme Court. (Pet. at 2.) Thus, the one-year limitations period started to run on June 3, 2004, ninety days after the denial of the PLA.

There is no dispute, however, that the period was tolled during the proceedings on Crosby's first post conviction proceeding, which started when he filed the petition on May 20, 2004 and ended when the supreme court denied his PLA on November 29, 2006. *See* 28 U.S.C. § 2244(d)(2). ("The time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection."). Crosby argues that it was also tolled during the proceedings on his second post conviction petition.

| STATEMENT |
|---|

An Illinois post conviction petition is "properly-filed," and thus tolls the § 2254 limitations period, only if the state court has given the petitioner leave to file it. *Martinez v. Jones*, 556 F.3d 637, 638-39 (7th Cir. 2009). Though Crosby never sought such leave, he argues that the trial court constructively granted it by addressing his second petition on the merits, rather than dismissing it on procedural grounds. (*See* Gov't Ex. J, 10/31/06 Hr'g Tr. at 3 (dismissing the second post conviction petition as " patently frivolous and without merit").)

Even if that is true, which the Court does not decide, the limitations period would only be tolled until the PLA was denied on November 26, 2008, which was almost three years before Crosby filed this petition. Thus, deeming Crosby's second petition to have been "properly filed" only helps him if his last filing, the motion to amend his second petition, was also a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2)

Despite its title, Crosby argues that the motion to amend was, in substance, a third post conviction petition or a request for relief from judgment. We determine whether that is true "by looking at how the state courts treated [the motion.]" *Johnson v. McCaughtry*, 265 F.3d 559, 564 (7th Cir. 2001). "[I]f the state court rejects [the submission] as procedurally irregular, it has not been properly filed." *Id.* (quotation omitted).

That is precisely what happened here. The appellate court said:

Although the [trial] court invoked the phrase "patently frivolous and without merit," in denying the motion to amend, we reject defendant's assertion that the court "recharacterized" the motion to amend as a successive postconviction petition. The record simply does not support this interpretation of the court's order.

. . . .

[W]e are not persuaded by defendant's argument that the court was required to construe this motion to amend as a section 2-1401 petition [for relief from a final judgment]. Nothing in the pleading indicates that defendant intended to file it as [such], and defendant makes no argument now as to the ultimate success of such a petition under these facts. . . . We will not require the trial court to transform a pleading into something that it is clearly not.

. . . .

[T]he defendant here did not file a petition seeking collateral relief, but rather a motion to amend his postconviction petition . . . . [,which] already was pending for consideration on appeal. . . .

(Gov't Ex. H, *People v. Crosby*, No. 1-08-0433 at 3-4 (Ill. App. Ct. 2010) (citations omitted).)

Because the state court did not treat the motion to amend as a request for collateral review, it did not toll the § 2254 limitations period. Thus, even if the limitations period were tolled during the proceedings on Crosby's second post conviction petition, it still expired nearly two years before he filed this petition. The petition is, therefore, untimely.